## Brown v. Brown.

Feb. 13, 1945.

J. E. Childers for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Minnie Brown and W. E. Brown were married early in February, 1934, and lived together as husband and wife until late in February, 1941. Both parties had been married before. At the time of her second marriage Mrs. Brown was 47 years of age and had one child 14 or 15 years old. Brown was 66 years of age and had reared several children, all of whom were grown and married in 1934. Prior to his second marriage, Brown had deeded a large tract of land in Letcher County to his children, retaining a life estate in the property. The parties lived on Brown's farm for about three years and then went to Pike County. Brown was forced to pay a note which he had indorsed for a man by the name of Webb, and in consideration thereof Webb conveyed a small lot in Whitesburg to Mrs. Brown. There is some contention that Mrs. Brown helped pay this note, but when asked whether she actually paid anything on the note she said: "I slept with him and waited on him and he give me that as a gift, I reckon." The Whitesburg lot was sold for $150 and title to a $200 lot on Ferguson Creek in Pike County was taken in Mrs. Brown's name. A small house was built on this lot, partly from lumber brought by Brown from his Letcher County farm. Mrs. Brown said she paid for the hauling of the lumber and also $10 on a lumber bill. It is her contention that she paid practically all of the consideration for the Pike County lot, but Brown claims he paid it, partly from the sale of the Whitesburg lot, with money which he earned while working for three months at about $1 a day, and from the $50 a year rental he received from his Letcher County farm. Mrs. Brown was a WPA worker and earned $22 a month for a short time on a sewing project and then her monthly allowance was raised to $32.50. In all she received some $500 or $600 while on the project. She owned an automobile which her husband used in taking her to and from work and which she kept up. She also bought practically all the groceries for herself, her husband, her father and several of her relatives who visited her frequently. Brown said he had difficulty with his wife's relatives and that shortly before he left she struck him twice with a knife. There

was proof in support of that of Mrs. Brown showing she paid part of the purchase price of the Pike County lot by giving grocery orders to the grantors. There was no definite proof, however, as to the amount of such credits made on the $150 purchase money lien.

Brown sought a divorce on the basis of abandonment and cruel and inhuman treatment. The chancellor found the proof did not support the charge of abandonment, but granted Brown a divorce on the second ground. He was of the further opinion that the Pike County property, worth not in excess of $500, was obtained by Mrs. Brown during the marriage through her husband and that the title should be restored to him, subject to her right to its exclusive occupation and use during her lifetime, if she remains unmarried. Under similar conditions he gave her the use of all household furnishings which belonged to Brown at the time he left the home.

In urging reversal of the judgment Mrs. Brown insists the property was hers and was acquired for a valuable consideration.

That Mrs. Brown was the principal breadwinner of the family seems beyond question. There is definite proof also that she made at least some small payments on the Pike County property. It is equally clear that she made no direct payments on the Whitesburg lot, but when it is considered she was keeping up an automobile, as well as feeding several persons most of the time with her meager earnings, she could not have had much left to pay on the real estate.

We are not free from doubt as to the correctness of the chancellor's disposal of the case, but we are not prepared to say that his judgment is erroneous, in so far as the property rights of the parties are concerned. Mrs. Brown has a place to live, so long as she remains unmarried. Under the circumstances, we have reached the conclusion the judgment should be and it is affirmed.